Steven A. FORBIS, Petitioner—
Appellant,

v.

State of WASHINGTON, Respondent—
Appellee.

No. 05–35187.

D.C. No. CV–04–00048–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted July 28, 2005.*

Decided Oct. 14, 2005.

Miriam F. Schwartz, Esq., Federal Public Defender's Office, Tacoma, WA, for Petitioner–Appellant.

John Joseph Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Steven A. Forbis, a Washington state prisoner who in 1988 began serving a 320 month sentence for first degree murder, appeals from the district court's denial of his habeas corpus petition. We consider on appeal whether the state violated the ex post facto clause of the Constitution by applying to Forbis a policy of the Department of Corrections ("Department") requiring Forbis to participate in stress and anger management classes or face the loss of early release and good conduct credits.

We have jurisdiction under 28 U.S.C. § 2253, and we review de novo the district court's denial of the habeas petition. *See* *Williams v. Roe*, 421 F.3d 883, 885 (9th Cir.2005). The Antiterrorism and Effective Death Penalty Act applies to Forbis's federal petition, limiting our review to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

whether the state supreme court's decision was contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court. *See id.;* 28 U.S.C. § 2254(d)(1). In ex post facto analysis as in habeas review, we accept the meaning ascribed to state statutes by the highest court of the state. *See Brown v. Palmateer,* 379 F.3d 1089, 1093 (9th Cir. 2004).

The Washington Supreme Court held that the 1994 law under which the prison regulation was promulgated, Wash. Rev. Code § 9.94A.580, was not ex post facto as applied to Forbis because it did not increase his punishment and was not punitive in its purpose. *See In re Forbis,* 150 Wash.2d 91, 74 P.3d 1189 (2003). The Department had the power to require an inmate to participate in programming since 1981. *See id.* at 1193. While Forbis did lose early release credits under the regulation requiring him to attend anger management classes, the state law merely implemented the state's general power to decrease early release and good-time credits when an inmate does not comply with programming requirements. *See id.* The court considered and distinguished the clearly established Supreme Court law. In *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), the Court held that a Florida statute changing the rate at which a prisoner could earn credit for good conduct was an ex post facto law, because even a prisoner who abided by all prison rules would have a longer sentence than he would have had under the law in effect at the time of his crime and conviction. In contrast, the Washington statute did not alter the formula for accumulation of credits across the board and thus did not "alter[ ] the consequences attached to a crime already completed." *Id.* at 33, 101 S.Ct. 960; *Forbis,* 74 P.3d at 1192. This was a reasonable application of clearly es-

tablished federal law to the facts of Forbis's case.

AFFIRMED.